# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

STEVEN JACOB GOLDMANN,

          Plaintiff,

v.

JANELL MEHLHOFF, CNP, Medical
Provider Sherburne Co.; DIANA
VANDERBEEK, RN CCHP-RN,
Sherburne County Sheriff's
Department; BRIAN FRANK, Jail
Administrator; THOMAS ZERWAS,
Jail Captain; JOEL L. BROTT, Sheriff
Sherburne County; and PAT CARR,
Jail Commander;

          Defendants.

Case No. 17-cv-4151-DWF-KMM

**ORDER**

---

The Plaintiff, Steven Jacob Goldmann, brought this action *pro se* pursuant to 42 U.S.C. § 1983. Mr. Goldmann alleges that the defendants violated his constitutional rights, specifically his right not to be subjected to cruel and unusual punishment under the Eighth Amendment, by denying him medications while he was confined at Sherburne County Jail. [*See* Compl., ECF No. 1.] Specifically, he alleges that the Defendants unlawfully discontinued certain prescribed medications he was taking to treat Post-Traumatic Stress Disorder related to combat injuries. [*Id.* at 6-7.] For the alleged violation of his rights, Mr. Goldmann asks the Court to order a change in jail policy to ensure that detainee mental health needs are not overlooked and he seeks

$200,000 in damages to compensate him for needed mental health assistance and suffering. [*Id.* at 9, Request for Relief.]

Janell Mehlhoff and Diana VanDerBeek are both named defendants in Mr. Goldmann's lawsuit, and each is identified as a nurse responsible for providing medical care at the facility. They have filed a motion to compel Plaintiff's Medical Records pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. [ECF No. 28.] Ms. Mehlhoff and Ms. VanDerBeek assert that Sherburne County Jail has copies of Mr. Goldmann's medical records for the period relevant to this case. Their counsel states that he mailed Mr. Goldmann a form asking Mr. Goldmann to authorize the release of those medical records. Defense counsel further avers that Mr. Goldmann agreed to sign the release form during the January 18, 2018 Rule 26(f) conference and that he mailed Mr. Goldmann a second copy form the same day. However, as of March 12, 2018, Mr. Goldmann has not executed and returned the authorization form as he agreed. [*See* Novak Aff. ¶¶ 2-5 (describing the steps counsel took to obtain Mr. Goldmann's consent to the release of his medical records).] In the proposed order submitted with their motion to compel, the defendants ask the Court to order Sherburne County Jail to provide copies of Mr. Goldmann's medical records to defense counsel. [ECF No. 32.] Mr. Goldmann has not responded to the motion.

Based on the record here, the Motion to Compel Plaintiff's Medical Records **[ECF No. 28]** is **DENIED WITHOUT PREJUDICE**, but this does not mean that Ms. Mehlhoff and Ms. VanDerBeek are not entitled to obtain Mr. Goldmann's

medical records. Although the Defendants cite Rule 16(b) in their motion, that Rule's provisions provide no authority for an order compelling discovery, which might be enough to justify denial of the motion. But the Court's decision here relies on more than mere formalism.

To obtain discovery of documents that are in another party's possession, custody, or control, a party may serve requests for production or inspection pursuant to Rule 34 of the Federal Rules of Civil Procedure. If the responding party fails to produce relevant documents in response to such a request, the requesting party may make a motion to compel. Fed. R. Civ. P. 37(a)(3)(B)(iv). These steps are necessary preconditions to an order compelling the production of documents. The Court appreciates the efforts defense counsel made to obtain the unquestionably relevant medical records at issue through informal means with Mr. Goldmann's cooperation. But the defendants have not shown that they served a Rule 34 request for production on Mr. Goldmann, so the Court cannot reasonably construe their motion as a Rule 37 motion to compel him to produce copies of his medical records.

The defendants' proposed order itself is also problematic. As noted above, it asks the Court to order a non-party, Sherburne County Jail, to provide copies of Mr. Goldmann's medical records. [ECF No. 32.] However, the defendants have not shown that they served a third-party subpoena on Sherburne County Jail pursuant to Rule 45. If they had, and Sherburne County Jail refused to provide the records, Ms. Mehlhoff and Ms. VanDerBeek could bring a motion to compel compliance

under the contempt provision in Rule 45(g). Without these steps first taking place, however, the Court lacks the authority to require a non-party to produce or permit inspection of documents relevant to this lawsuit. Hopefully, resort to this more expensive procedure will not be necessary here and the case can get moving forward without further unnecessary discovery litigation.

Under the circumstances, it was reasonable for defense counsel to ask Mr. Goldmann to sign a release form. This is often the most efficient way for defendants to obtain copies of medical records, especially in cases where the documents are most readily accessible by government agencies covered by laws that preclude them from idly sharing private medical information. The rules allow the defendants to obtain relevant discovery, and Mr. Goldmann has placed his medical conditions in issue by the nature of the allegations in his complaint. Therefore, it is encouraging that Mr. Goldmann agreed to sign an authorization form to facilitate the defendants' access to his relevant medical information. However, the Court is troubled that he has yet to follow through with that agreement.

Mr. Goldmann is advised that his participation is required for this case to move forward, and the Court encourages him to execute the release form provided to him by defense counsel as soon as possible so that his claims have a chance to be decided on their merits. If he does not, the Defendants will almost certainly make the same request in connection with serving requests for production under Rule 34. If Mr. Goldmann fails to sign such a release or produce the documents himself,

Ms. Mehlhoff and Ms. VanDerBeek may be forced to renew their motion to compel, and any failure to comply with an order that grants such a motion could potentially carry with it sanctions that would prevent Mr. Goldmann from having his claims decided on their merits. Such an outcome is not in Mr. Goldmann's interests and it is contrary to Court's desire to have cases decided in an efficient and just manner.

Date: April 10, 2018                                   *s/ Katherine Menendez*
                                                       Katherine Menendez
                                                       United States Magistrate Judge