## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| STEVEN JACOB GOLDMANN, <br><br> Plaintiff, <br><br> v. <br><br> JANELL MEHLHOFF, CNP, Medical Provider Sherburne Co.; DIANA VANDERBEEK, RN CCHP-RN, Sherburne County Sheriff's Department; BRIAN FRANK, Jail Administrator; THOMAS ZERWAS, Jail Captain; JOEL L. BROTT, Sheriff Sherburne County; and PAT CARR, Jail Commander; <br><br> Defendants. | Case No. 17-cv-4151-DWF-KMM <br><br><br> **REPORT AND RECOMMENDATION** |

Steven Jacob Goldmann filed this action *pro se*, pursuant to 42 U.S.C. § 1983, on September 6, 2017. Generally, Mr. Goldmann alleges that while he was confined at the Sherburne County Jail, the defendants violated his constitutional rights by unlawfully discontinuing his prescribed medication to treat his post-traumatic stress disorder related to combat injuries. [Compl., ECF No. 1.]

## BACKGROUND

Since he filed his complaint, Mr. Goldmann's participation in the litigation has been minimal. On October 12, 2017, Mr. Goldman notified the Court that his address had changed. [ECF No. 11.] On November 3, 2017, his application for permission to file electronically was granted by the Clerk's Office. [ECF No. 15.] And Mr. Goldmann participated in a Rule 26(f) planning meeting on January 18, 2018, which led to the filing of a Rule 26(f) Report on February 1, 2018. [ECF No. 23.]

1

However, Mr. Goldmann did not participate in the Court's February 13, 2018 pretrial conference, and the Court informed the parties that it would hold a telephonic status conference 60 days later. [Mins. (Feb. 13, 2018), ECF No. 26.]

On March 12, 2018, Defendants Janell Mehlhoff and Diana Vanderbeek ("the Medical Defendants") filed a motion to compel discovery. [ECF No. 28.] Mr. Goldmann did not file any response to the motion, but he did email counsel for the Medical Defendants one time shortly after their motion was filed. [ECF No. 34.] He asked counsel to forward release forms to him again that would allow them to obtain relevant information about his medical condition. [ECF No. 34.] However, Mr. Goldmann never returned an executed release and he had no further contact with counsel for any defendants.

On April 10, 2018, the Court denied the Medical Defendants' motion to compel without prejudice because they had not shown that their informal requests for discovery were served pursuant to the Federal Rules of Civil Procedure. [Order (Apr. 10, 2018) at 2–4, ECF No. 33.] However, the Court commented on

> Mr. Goldmann is advised that his participation is required for this case to move forward, and the Court encourages him to execute the release for provided to him by defense counsel as soon as possible so that his claims have a chance to be decided on their merits. If he does not, the Defendants will almost certainly make the same request in connection with serving requests for production under Rule 34. If Mr. Goldmann fails to sign such a release or produce the documents himself, Ms. Mehlhoff and Ms. VanDerBeek may be forced to renew their motion to compel, and any failure to comply with an order that grants such a motion could potentially carry with it sanctions that would prevent Mr. Goldmann from having his claims decided on their merits.

[*Id.* at 4–5.]

On April 17, 2018, the Court held a telephonic status conference, and "[o]nce again, Mr. Goldmann failed to participate." [Mins. (Apr. 17, 2018), ECF No. 35.] Again the Court warned Mr. Goldmann of the consequences of his failure to participate in the case: "Mr. Goldmann is advised that his continued failure to appear

at court proceedings, either in person or telephonic, could ultimately lead to the dismissal of his case." [*Id.*]

On April 23, 2018, the defendants Brian Frank, Thomas Zerwas, Joel L. Brott, and Pat Carr ("the County Defendants") filed a motion to compel discovery. [ECF No. 36.] The County Defendants' motion shows that Mr. Goldmann failed to serve his Rule 26(a)(1) disclosures as required by the Rules and the Scheduling Order. The motion to compel also demonstrates that Mr. Goldmann failed to serve answers to interrogatories and requests for production as required by Rules 33 and 34. Mr. Goldmann did not respond to deficiency letters sent by the County Defendants' counsel, nor did he participate in counsel's attempts to meet and confer regarding his failure to comply with his discovery obligations. [*See* Hill Aff., ECF No. 39.] He filed no response to the motion.

The Court held a hearing on the County Defendants' motion on May 15, 2018. [Mins. (May 15, 2018), ECF No. 42.] Mr. Goldmann did not appear for the hearing. [*Id.*]

## DISCUSSION

Mr. Goldmann's non-appearance for the May 15, 2018 hearing on the County Defendants' motion to compel marks the third time in the relatively short life of this case that he has failed to participate in a Court proceeding. The record also demonstrates that Mr. Goldmann has not responded to properly served discovery requests from the County Defendants, failed to respond to correspondence concerning that discovery, and has not complied with his obligation to serve initial disclosures. For these reasons, the Court finds that Mr. Goldmann has, at a minimum, failed to prosecute his case, and possibly abandoned the action altogether.

### *Rule 41(b)*

"District courts have inherent power to dismiss sua sponte a case for failure to prosecute. . . ." *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993); *see also*

*Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). In considering whether to dismiss an action for failure to prosecute under Rule 41(b) a court should consider "the egregiousness of the plaintiff's conduct and its adverse impact upon the defendant and the district court[.]" *Henderson*, 267 Fed. App'x at 497.

### *Analysis*

Mr. Goldmann's conduct in this case involves his failure to comply with a Court order. Specifically, he failed to comply with the Scheduling Order's requirement that all Rule 26(a)(1) disclosures had to be made by April 2, 2018. More importantly, his "failure to move [his] case forward," *see Henderson*, 267 Fed. App'x at 497, has had an adverse impact on the defendants and the Court. Though this case is in its relatively early stages, Mr. Goldmann has already repeatedly failed to appear for Court proceedings. Mr. Goldmann has also failed to communicate with the defendants' counsel and to provide the defendants with essential information about the substance of his claims. This has deprived the defendants of the opportunity to prepare their defense to Mr. Goldmann's allegations and has unnecessarily caused the defendants to seek the Court's involvement in two discovery disputes.

Unfortunately, the Court has no confidence that Mr. Goldmann will take any action to move this case forward. That lack of confidence is buttressed by the fact that the Court has twice informed Mr. Goldmann that his participation in the lawsuit is required, yet since he was advised that there would be consequences for doing nothing, it appears he has taken no steps to pursue his case. For these reasons the Court concludes that this case should be dismissed for failure to prosecute.[1]

---

[1]   Because the Court is recommending that this case be dismissed for failure to prosecute, the Court will not make any ruling on the County Defendants' motion to

(*footnote continued on following page*)

*Dismissal Without Prejudice*

Notwithstanding the foregoing, the Court recommends that dismissal be without prejudice. "Dismissal with prejudice under [Rule] 41(b) is a drastic sanction which should be exercised sparingly." *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983). There has not been a clear record here of intentional delay or "contumacious conduct by the plaintiff." *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985). Rather, the record provides little insight into the reasons why Mr. Goldmann has failed to participate in the litigation. Without a record that more clearly demonstrates some willful disobedience of the Court's orders or improper motive, dismissal with prejudice would be an inappropriate result.

## RECOMMENDATION

Because there is no indication that Mr. Goldmann intends to participate in this litigation, **IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Rule 41(b).

Date: May 16, 2018                              *s/Katherine Menendez*
                                                Katherine Menendez
                                                United States Magistrate Judge

---

(*footnote continued from previous page*)

compel at this time. However, if the District Court declines to adopt this Report and Recommendation or Mr. Goldmann files something in writing indicating that he intends to participate in this case, the Court will either schedule a telephonic status conference to discuss the appropriate next steps in the case or issue an order addressing the pending motion.

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.